IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| BOARD OF EDUCATION OF HOWARD COUNTY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. RDB 04-4016 |
| EDWARD SMITH, et al., | * | |
| Defendants. | * | |

MEMORANDUM OPINION

Pending before the Court is Defendants Edward Smith, Valerie Smith, and Edward Jordan Smith's ("Defendants" or "the Smiths") Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the February 15, 2005, Complaint filed by Plaintiff Board of Education of Howard County ("the School Board"). On March 4, 2005, Plaintiff filed a Notice for Partial Dismissal, in which it voluntarily dismissed all but its claim based upon Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 *et seq.* ("Section 504" or "Rehabilitation Act").[1] Therefore, this Court need only address Defendants' Motion to Dismiss, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, concerning this sole remaining claim. On March 21, 2005, after Defendants' Motion to Dismiss was filed, the School Board filed an Amended Complaint, which included one additional statement that this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] Plaintiff voluntarily dismissed its following claims for relief: Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1461; 42 U.S.C. § 1983; 28 U.S.C. §§ 2201, 2202, 1331 and 1343; Md. Code Ann., Education § 8-401 *et seq.* (2004).

Defendants' Motion to Dismiss shall be deemed to apply to this Amended Complaint. Also pending is Plaintiff's Motion for Leave to File a Surreply Memorandum, filed April 11, 2005. The issues have been thoroughly briefed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, while the Plaintiff's Motion for Leave to File a Surreply Memorandum is GRANTED, the Defendants' Motion to Dismiss is GRANTED.[2]

## BACKGROUND

On February 20, 2004, the Defendants Edward and Valerie Smith and their son Edward Jordan Smith filed a request for a due process hearing under the Individuals with Disabilities Education Act ("IDEA") and Section 504 of the Rehabilitation Act, asserting that Edward Jordan Smith was denied a free appropriate public education while attending school in Howard County, Maryland. At the request of the School Board, this hearing request was essentially bifurcated with one Administrative Law Judge ("ALJ") hearing the IDEA claim and another hearing the Section 504 claim. Under an inter-agency agreement, the IDEA hearing was deferred by the Maryland State Department of Education to the Office of Administrative Hearings. (Pl.'s Resp. at 3.)[3] The School Board elected to have the Section 504 hearing conducted pursuant to a "fee-for-services" arrangement with the Maryland State Office of Administrative Hearings, meaning that the School Board requested the Office of Administrative Hearings to provide an ALJ at an hourly rate to act on behalf of the School Board. (Pl.'s Resp. at 1,3.) ALJ Georgia Brady conducted a ten day hearing on Defendants' Section 504

---

[2] As a result, Defendants' Motion to Strike Plaintiff's Amended Complaint is moot.

[3] On June 21, 2004, prior to a hearing on the merits, ALJ Joan Gordon dismissed the Defendants' IDEA claims.

claims. On December 1, 2004, ALJ Brady found against the School Board and for the Smiths.

On December 20, 2004, the Smiths filed a mandamus action in the Circuit Court for Howard County Maryland, *Edward Jordan Smith v. Howard County Public Schools*, Civil Action No,: 13-C-04-060769, requesting that the state court order the School Board to comply with ALJ Brady's decision. On December 23, 2004, the School Board filed this action, which appeals the decision of ALJ Brady.[4] Then, on February 24, 2005, the School Board filed a counterclaim in the state court action seeking to reverse the decision of ALJ Brady based on her findings under The Rehabilitation Act.

## STANDARD OF REVIEW

Motions to dismiss for lack of subject matter jurisdiction are governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Fourth Circuit has stated that "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." *See Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 63-64 (4th Cir. 1988) (internal quotation omitted). The plaintiff must prove that subject matter jurisdiction properly exists in the federal court. *See id.*; *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). A court should grant a motion to dismiss for lack of subject matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

---

[4] The School Board requests that this Court stay this action until the resolution of the state court action. (Pl.'s Resp. at 3.)

DISCUSSION

The bifurcation of the IDEA hearing and the Rehabilitation Act hearing, as requested by the School Board, results in two separate administrative records. The School Board essentially seeks to appeal the adverse ruling by ALJ Brady on the Rehabilitation Act claim. This effort results in the jurisdictional question raised in the Defendants' Motion to Dismiss.

Section 504 of the Rehabilitation Act precludes recipients of federal funds from discriminating against disabled individuals. *See* 29 U.S.C. § 794(a). The relevant portion of the Rehabilitation Act provides that "[n]o otherwise qualified person with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). In order to establish a violation of Section 504, a plaintiff must meet four requirements: 1) that he is a "handicapped individual," 2) that he is "otherwise qualified" for participation in the program, 3) that the program receives "Federal financial assistance," and 4) he was "denied the benefits of" or "subject to discrimination" under the program. *See Nathanson v. Medical College of Pennsylvania*, 926 F.2d 1368, 1380 (3rd Cir. 1991) (quoting 29 U.S.C. § 794(a)); *Doherty v. Southern College of Optometry*, 862 F.2d 570, 573 (6th Cir. 1988).

While the IDEA specifically provides for an aggrieved party to file an action for review of a due process hearing in a district court of the United States, 20 U.S.C. § 1415(i)(2)[5], Section 504 does not

---

[5] "Any party aggrieved by the findings and decision made [pursuant to an impartial due process hearing] . . . shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2).

have a similar provision.  Defendants contend that this Court does not have jurisdiction to hear an *appeal* from an administrative decision, pursuant to Section 504.  In support of this position, Defendants cite the following two cases: *Power ex rel. Power v. School Bd. of City of Virginia Beach*, 276 F. Supp. 2d 515, 518 (E.D. Va. 2003) and *Guckenberger v. Boston Univ.,* 974 F. Supp. 106, 143 (D. Mass. 1997) (citing *Court v. Ash*, 442 U.S. 66, 78 (1975)).  Both cases support the proposition that Section 504 does not provide a private cause of action to enforce its regulatory due process provision.  In *Power ex rel. Power*, the court noted that "[w]hile Section 504 clearly provides for a private cause of action to enforce a claim of *discrimination* . . . it does not provide for a cause of action to assert a claim of procedural inadequacy, separate and apart from a claim of discrimination." *Power ex rel. Power*, 276 F. Supp. 2d at 519-20.

It is well established that it is the Plaintiff's burden to prove that subject matter properly exists in this Court.  *See Goldsmith,* 845 F.2d at 63-64; *Evans*, 166 F.3d at 647 (stating that it is the plaintiff's burden to prove that subject matter jurisdiction properly exists in the federal court).  In its Surreply, the School Board concedes that Section 504 "contains no statutory provision for judicial review of an administrative proceeding."  (Pl.'s Surreply at 1.)  Consequently, the School Board argues that this action is an original action brought under Section 504.

In support of its argument that there is original jurisdiction over this action, the School Board relies upon *Kirkpatrick v. Lenoir County Bd. of Educ.*, 216 F.3d 380 (4th Cir. 2000), in which the Fourth Circuit found that the review of an IDEA due process hearing is an original action.  In *Kirkpatrick* the Fourth Circuit stated:

Finally, and perhaps most importantly, our system of federalism dictates that courts characterize

5

> IDEA actions as original civil actions instead of as appeals . . . .  With these principles in mind, it is clear that an IDEA action filed in federal district court must be characterized as an original 'civil action' instead of an 'appeal.'  Congress's authorization of a federal court action after state administrative remedies have been exhausted does not represent a departure from the long-established principles of federalism.  Rather, the procedural scheme established by the IDEA reveals Congress's intent to provide aggrieved persons with an *external* check on the state administrative action.

*See id.* at 386-7.  In seeking to analogize review of an IDEA due process hearing and a Rehabilitation Act due process hearing, the School Board cites regulations implementing Section 504 of the Rehabilitation Act, specifically stating:

> A recipient that operates a public elementary or secondary education program or activity shall establish and implement, with respect to actions regarding the identification, evaluation, or educational placement of persons who, because of handicap, need or are believed to need special instruction or related services, a system of procedural safeguards that includes notice, an opportunity for the parents or guardian of the person to examine relevant records, an impartial hearing with opportunity for participation by the person's parents or guardian and representation by counsel, **and a review procedure**. Compliance with the procedural safeguards of section 615 of the Education of the Handicapped Act is one means of meeting this requirement.

34 C.F.R § 104.36 (emphasis added).   The difficulty faced by the School Board in this argument is that this review procedure is not necessarily mandated in federal court.

The School Board includes an extensive list of citations showing that federal courts have reviewed state level IDEA and Section 504 hearings.[6]  Although these cases support the School Board's position that federal courts have stated that there is original jurisdiction over Section 504

---

[6] *N.L. ex rel. Mrs. C. v. Knox County Schools*, 315 F.3d 688, 689 (6th Cir. 2003); *Oberti by Oberti v. Board of Educ. of Borough of Clementon School Dist.*, 801 F. Supp. 1392, 1394 (D.N.J. 1992); *Pestronk v. District of Columbia*, 150 F. Supp. 2d 147, 148 (D.D.C. 2001); *D.F. v. Western School Corp.*, 921 F. Supp. 559, 563 (S.D. Ind. 1996); *Hunt on Behalf of Hunt v. Bartman*, 873 F. Supp. 229, 231 (W.D. Mo. 1994); *Silano v. Tirozzi*, 651 F. Supp. 1021, 1022 (D. Conn. 1987); *Taylor by Holbrook v. Board of Educ. of Copake-Taconic Hills Cent. School Dist.*, 649 F. Supp. 1253, 1254 (N.D.N.Y. 1986).

claims pursuant to 28 U.S.C. § 1331, none of these cases are procedurally similar to this action, in that all were brought by the parents of a disabled child, not by a school system.  In all of these cases there was one administrative hearing and not two administrative records.  Furthermore, in this case there is a parallel pending state action.  Accordingly, while an individual can assert the original jurisdiction of this Court on a claim under the Rehabilitation Act, the institution alleged to have violated the provisions of Section 504 cannot directly seek to assert an appeal from a decision by a state administrative law judge directly to federal court by asserting original jurisdiction.

Even if this Court were to assert original jurisdiction pursuant to 28 U.S.C. § 1331, the School Board is hard pressed to establish standing under Section 504.  As noted above, the first prong required to establish a violation of Section 504, is that a plaintiff show that he is a "handicapped individual." *See Nathanson*, 926 F.2d at 1380; *Doherty,* 862 F.2d at 573.  Whether a party has standing under Article III of the Constitution to bring a claim "involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." *Warth v. Seldin,* 422 U.S. 490, 498 (1975).  The School Board could not have brought an action directly under Section 504 of the Rehabilitation Act as it is clearly not a "handicapped individual" "subject to discrimination."  In addition, the School Board elected to proceed in separate administrative hearings on the IDEA claim and the Rehabilitation Act claim.

Finally, the Plaintiff urges that this case be stayed pending resolution of the parallel action in the Circuit Court for Howard County, Maryland.  Aptly noting the recent opinion of the Fourth Circuit in *Harper v. Public Service Comm'n of West Virginia*, 396 F.3d 348 (4th Cir. 2005)**,** the Plaintiff suggests that abstention by this Court in the form of a stay of the proceeding is appropriate.  The

7

appropriate abstention by this Court mandates more than a stay order.  The principles of abstention set forth by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971) have been applied to civil proceedings generally.  *See Juidice v. Vail*, 430 U.S. 327 (1977); Erwin Chemerinsky, Federal Jurisdiction § 13.3 (4th ed. 2003).  In this case, this Court declines to review the ruling of the Circuit Court for Howard County, Maryland, on the identical issues presented.  As the Fourth Circuit has recently noted in the *Harper* decision, "the central idea in abstention analysis has always been one of central comity." *Harper*, 396 F.3d at 354 (internal quotation omitted).  Abstention by this Court further compels the dismissal of this case.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to File a Surreply Memorandum is GRANTED and Defendants' Motion to Dismiss is GRANTED.  A separate Order consistent with this Opinion will follow.

April 20, 2005                                         /s/                                              Richard D. Bennett
                                                       United States District Judge